## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RONALD LEE WRIGHT              :
                                    :
                                    :
       v.                           :   Civil No. CCB-14-3501
                                    :
                                    :
GARY MAYNARD, et al.          :
                                    :

## <u>MEMORANDUM</u>

For decades, Ronald Lee Wright has educated Maryland residents about the dangers of alcohol abuse, mostly via an educational program he administers.  Beginning in 2011, officials of the Maryland Department of Health and Mental Hygiene questioned the adequacy of that program's certification under Maryland law.  On the basis of that dispute, Wright sues a host of state and county officials, as well as Baltimore County, under 42 U.S.C. §§ 1983, 1988 and 18 U.S.C. §§ 241, 242.  Those defendants have moved to dismiss Wright's complaint for failure to state a claim.  And Wright has moved via multiple filings to stay this action and to initiate criminal proceedings against the defendants.  Those motions have been briefed, and no hearing is necessary to their resolution.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons described below, Wright's motions to initiate criminal proceedings will be denied and the defendants' motions to dismiss will be granted.[1]

---

[1] Wright has filed a motion requesting that the court consider the timeline of certain alleged events, (ECF No. 2), which the court has done.  The motion will thus be granted.  Wright has moved to amend his complaint to correct a typographical error, (ECF No. 10), which the court will grant as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A).  And Wright has filed a motion for permission to leave the state for vacation.  (ECF No. 55.)  That motion is entirely unnecessary and, in any case, will be denied as moot.  Wright is free to leave the state for vacation.

## BACKGROUND

For four decades, Wright has served as the pastor of the Merritt Park Baptist Church. (*See* Compl. ¶ 5, ECF No. 1.)  And for nearly as long, he has served as an alcohol-abuse educator, primarily through the church's "Alpha Program." (*See id.*)  State agencies, including the Maryland Department of Parole and Probation, referred individuals to the Alpha Program. (*See id.* at ¶¶ 26, 34.)  In September 2011, Wright allegedly discovered that "offenders" referred to the Alpha Program were failing to comply with court-ordered alcohol treatment.  (*See id.* at ¶¶ 38–39.)  He then filed what he describes as a complaint, requesting what he calls an "audit" and simultaneously warning certain state personnel of "a catastrophic public safety issue" associated with the inadequate treatment of "offenders." (*See, e.g.*, *id.* at ¶¶ 42–45.)  Several of Wright's former students or other persons allegedly in need of alcohol abuse education subsequently committed violent acts, which Wright attributes to their inability to obtain the treatment they required.  (*See id.* at ¶¶ 71–72, 75.)

At roughly the same time, officials of the Department of Parole and Probation began to question whether the certification of the Alpha Program was adequate.  (*See id.* at ¶ 37, 40–41, 45.)  In early 2012, the Maryland Department of Health and Mental Hygiene issued a cease and desist order to the Alpha Program.  (*See id.* at ¶ 49.)  Officials of the Department of Parole and Probation acquired that order and shared it with administrative judges of the Circuit Court and District Court for Baltimore County.  (*See id.* at ¶ 51.)  After that event, an employee from the Department of Health and Mental Hygiene attempted to assist Wright in obtaining certification for the Alpha Program.  (*See id.* at ¶¶ 52–54, 57.)  Wright did not accept that help, insisting that the Alpha Program was "a self-help program" that did not need to be certified.  (*See id.* at ¶¶ 53,

55, 57–58.)

Wright alleges that questioning the Alpha Program's certification harmed his reputation, including his capacity to speak at local colleges.  (*See id.* at ¶¶ 51, 89(e)—89(h).)  He adds that state officials have never "charged [him] of any wrong doing [sic]," an omission that allegedly deprives him of an opportunity to "clear [his] name and restore the integrity of the Merritt Park Baptist Church Alpha Program."  (*Id.* at ¶ 63.)

Wright alleges that he has sought some form of redress from the Baltimore County State's Attorney, the former Governor and Lieutenant Governor of Maryland, and the U.S. Department of Justice.  (*See id.* at ¶¶ 73, 74, 76, 77.)  Those entities have not responded to his requests.

On the basis of these and related facts detailed in his complaint, Wright invokes 42 U.S.C. §§ 1983 and 1988, asserting violations of the First, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments, as well as two criminal statutes, 18 U.S.C. §§ 241, 242.  He sues each of the individual defendants in both their personal and official capacities, alleging that many of them "failed to take reasonable steps to end the unlawful conduct alleged in this complaint."  (*See id.* at ¶¶ 6–11, 15–19.)  In addition, he sues Baltimore County, both for its alleged policies and on a theory of respondeat superior.

Wright is not represented by counsel.

## ANALYSIS

### I. Motions to Initiate Criminal Proceedings

In a series of filings, Wright has repeatedly sought to stay proceedings and initiate the criminal process, either by charging the defendants he has named in his complaint or, conversely,

charging himself.[2]  The court lacks the power to grant those motions.  "[T]he Executive Branch

has exclusive authority and absolute discretion to decide whether to prosecute a case." *Greenlaw*

*v. United States*, 554 U.S. 237, 246 (2008) (quoting *United States v. Nixon*, 418 U.S. 683, 693

(1974)).  For this reason, "federal courts have traditionally and, to [the Second Circuit's]

knowledge, uniformly refrained from overturning, at the instance of a private person,

discretionary decisions of federal prosecuting authorities not to prosecute persons regarding

whom a complaint of criminal conduct is made." *Inmates of Attica Corr. Facility v. Rockefeller*,

477 F.2d 375, 379 (2d Cir. 1973).  Where, as here, private persons move a federal court to

compel *state* prosecuting authorities to charge would-be defendants under *state* law, principles of

federalism counsel still greater deference.  *Cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465

U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than

when a federal court instructs state officials on how to conform their conduct to state law.").

Accordingly, Wright's motions to stay this case and initiate criminal proceedings will be

denied.

## II. Motions to Dismiss

Defendant David Goldman and his employer, Baltimore County, have filed a motion to

dismiss for failure to state a claim, as have the named state defendants.

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled

allegations of the complaint as true," and "construe the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474

---

[2] Wright has styled those filings as a motion for consideration, (ECF No. 8), a motion to stay civil proceedings and to move forward to criminal proceedings, (ECF No. 9), a motion to stay civil proceedings and to order a federal grand jury investigation and indictments, (ECF No. 47), and a motion to compel the state defendants from the Department of Health and Mental Hygiene to charge plaintiff with all criminal acts, (ECF No. 53).

(4th Cir. 1997).  "Even though the requirements for pleading a proper complaint are substantially

aimed at assuring that the defendant be given adequate notice of the nature of a claim being

made against him, they also provide criteria for defining issues for trial and for early disposition

of inappropriate complaints."  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "The

mere recital of elements of a cause of action, supported only by conclusory statements, is not

sufficient to survive a motion made pursuant to Rule 12(b)(6)."  *Walters v. McMahen*, 684 F.3d

435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a

motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to

prove the elements of the claim.  However, the complaint must allege sufficient facts to establish

those elements."  *Walters*, 684 F.3d at 439 (citation omitted).  "Thus, while a plaintiff does not

need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must

advance the plaintiff's claim 'across the line from conceivable to plausible.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 570).

Wright cannot state a claim under 42 U.S.C. § 1988, under 18 U.S.C. §§ 241, 242, or

against Baltimore County.  As to 42 U.S.C. § 1988, that provision "is not a cause of action

separate from § 1983.  [Section] 1988 provides remedies for § 1983 violations," but does not

independently authorize private lawsuits.  *Rentz v. Spokane Cnty.*, 438 F. Supp. 2d 1252, 1256

(E.D. Wash. 2006).  Its provisions only come into play only to the extent Wright has stated a

valid cause of action under § 1983.  Nor do 18 U.S.C. §§ 241, 242, authorize private litigants to

enforce their proscriptions. *See, e.g.*, *Jenkins v. Trs. of Sandhills Cmty. Coll.*, 259 F. Supp. 2d 432, 441 n.5 (M.D.N.C. 2003). As to Wright's allegations against Baltimore County, he premises that claim on a theory of respondeat superior, which does not apply to local governments under § 1983. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1979).

As to Wright's claims under 42 U.S.C. § 1983, "that section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Wright invokes that provision to vindicate his rights under the First, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments. He has not stated a claim, however, for violation of any of those constitutional provisions.

Most of those amendments are not pertinent to the facts alleged in Wright's complaint. Because the Fifth Amendment's guarantee of due process restrains only the federal government, it has no application to Wright's complaint, which names state and county officials and Baltimore County. *See, e.g.*, *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Insofar as Wright has never been tried, let alone convicted, of any crime, neither the Sixth Amendment nor the Eighth Amendment applies to his circumstances. *See, e.g.*, *United States v. MacDonald*, 456 U.S. 1, 6–7 (1982) (Sixth Amendment); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (Eighth Amendment). Similarly, the Seventh Amendment's jury trial requirement applies only in certain civil lawsuits and has no application where, as here, a plaintiff does not allege any participation as a party in any civil trial before the filing of this action. Finally, Wright's reference to a Ninth Amendment violation is not supported by any of the facts he alleges.

As to Wright's procedural due process claim under the Fourteenth Amendment and § 1983, such a claim requires that he "identify a protected liberty or property interest and allege that the defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process." *García-González v. Puig-Morales*, 761 F.3d 81, 88 (1st Cir. 2014) (alteration in original) (quoting *González-Droz v. González-Colón*, 660 F.3d 1, 13 (1st Cir. 2011)). Wright has not, however, identified any such protected interest. Reputation alone is not a protected interest. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Instead, he must make out a "stigma plus" claim, which requires him to "allege both a stigmatic statement and a 'state action that distinctly altered or extinguished' his legal status." *Evans v. Chambers*, 703 F.3d 636, 654 (4th Cir. 2012) (quoting *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 315 (4th Cir. 2012)). Wright alleges no such modification to his formal legal status here.

As to Wright's substantive due process claim under the Fourteenth Amendment and § 1983, such claims are reserved for "'only the most egregious official conduct'"—namely, an "abuse of power which 'shocks the conscience.'" *Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 323 (4th Cir. 2009) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Wright's allegations do not clear that high standard.

As to Wright's equal protection claim under the Fourteenth Amendment and § 1983, he alleges neither membership in a protected class nor any burden on a fundamental right. Instead, he asserts a "class of one" claim, under which "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Notably, however, Wright has not alleged any facts suggesting that he was treated

differently from other similarly situated individuals; he never describes the treatment of any comparators.  His equal protection allegation thus fails to state a claim.

As to Wright's First Amendment claims, Wright asserts that the defendants denied him "the right to assemble for a public meeting inside the Merritt Park Baptist Church[,] denying [him] the right to free speech [and] denied [him] the peaceful assembly [sic]."  (Compl. ¶ 89a.) He adds that the defendants "refused [him] the right to speak about his past teaching," (*id.* at ¶ 2), and "intentionally destroyed every opportunity for [him] to speak in colleges around Maryland when the Cease and Desist order was NOT retracted and the error was not corrected," (*id.* at ¶ 89g).  Those bald assertions are not supported by any particular facts, which is reason enough to dismiss Wright's First Amendment claims.  To the extent he alleges that application of the state's certification requirements to him or the Alpha Program infringed on his First Amendment rights, that allegation will not support his claim:  "[A] state's regulation of a profession raises no First Amendment problem where it amounts to 'generally applicable licensing provisions' affecting those who practice the profession.'"  *Moore-King v. Cnty. of Chesterfield, Va.*, 708 F.3d 560, 569 (4th Cir. 2013) (quoting *Lowe v. SEC*, 472 U.S. 181, 232 (1985)).  That observation also invalidates any effort to state a claim for retaliation, which requires (among other elements) allegations of "some action that adversely affected [the plaintiff's] First Amendment rights."  *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

Wright opposes the defendants' motions to dismiss by arguing, among other things, that they have not yet answered his complaint.  The defendants need not answer the complaint,

however, until after the court resolves their motions to dismiss.  *See* Fed. R. Civ. P. 12(a)(4).[3]

Accordingly, Wright's complaint fails to state a claim against any defendant.[4]

## CONCLUSION

For the reasons stated above, Wright's motions to initiate criminal proceedings will be denied, while the defendants' motions to dismiss will be granted.  Wright's complaint will be dismissed in its entirety.

A separate order follows.


June 26, 2015                                                    /s/
Date                                           Catherine C. Blake
                                               United States District Judge


---

[3] Wright repeats that argument in his motion to strike the state defendants' reply, (ECF No. 50), where it is equally unpersuasive.  In that motion, he adds that the state defendants' provided him a double-sided copy of their motion, allegedly in violation of Local Rule 102.2(b).  That Rule, by its terms, applies only to "documents filed with the Court," not to service copies of motions.  And even if that Rule *did* apply to service copies of motions, violation of its prohibition against double-sided filings would not justify the sanction Wright seeks.  Otherwise, Wright's motion to strike discusses the merits of the defendants' motion to dismiss, which cannot support striking their reply. Accordingly, Wright's motion  to strike will be denied.

[4] Although several John Doe defendants have not joined the motions to dismiss—and two sets of Doe defendants have not yet entered any appearance—Wright's allegations against them "are indistinguishable" from those against the remaining defendants.  *See J & J. Sports Prods., Inc. v. Mayrealll, LLC*, 849 F. Supp. 2d 586, 592 (D. Md. 2012).  Because those allegations also fail to state a claim, they will be dismissed.  *Id.*